USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/14/2017

~~DRAFT – SUBJECT TO FRE 408~~

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THERESA G. KANDELL, <br><br> Defendant. | No. 17 Civ. 1767 (LGS) <br><br> **STIPULATION AND ORDER OF SETTLEMENT** |

WHEREAS, this Stipulation and Order of Settlement (the "Stipulation") is entered into by and among Plaintiff the United States of America (the "United States"), by its attorney, Joon H. Kim, Acting United States Attorney for the Southern District of New York, and Defendant Theresa G. Kandell ("Kandell"), along with her authorized legal representatives, attorney John P. Fazzio III, Esq.; legal guardian Sophie Lucas; and guardian's attorney Olivier Quesneau;

WHEREAS, on March 9, 2017, the United States filed its complaint in this action (the "Complaint"), alleging that Kandell willfully failed to report her financial interest in two foreign financial accounts at Union Bank of Switzerland ("UBS")—specifically, an account held in the name of Oraff Stiftung bearing account number XXX-XX0831,[1] and an account held in the name of JEGA Etablissement bearing account number XXX-XX5710 (together, the "Foreign Accounts")—as required by 31 U.S.C. § 5314 and its implementing regulations, in calendar years 2006 and 2007 (the "Covered Conduct");

WHEREAS, the Complaint asserts that Kandell is liable to the United States under 31 U.S.C. § 5321 in the amount of $2,776,424.00, the amount assessed against Kandell on March

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2(a)(4), all but the last four digits of financial account numbers herein are redacted.

17, 2015, for willful failure to file the required Form TD-F 90-22.1, Report of Foreign Bank and Financial Accounts, commonly known as the "FBAR," for calendar years 2006 and 2007 for the Foreign Accounts, plus penalties and interest permitted by law (the "FBAR Liabilities");

WHEREAS, on June 9, 2017, Kandell filed an answer in this action, in which she asserted, *inter alia*, that she is now 93 years old; that she is now under the supervision of a legal guardianship imposed by a court in France; and that she suffers from and has suffered from various physical and mental ailments;

WHEREAS, Kandell also asserted certain affirmative defenses, including that her written consents to extend the time within which the Secretary of the Treasury must assess the FBAR penalties were not knowing or voluntary;

WHEREAS, the parties have, through this Stipulation and the attached Judgment, reached a mutually agreeable resolution of this matter subject to Court approval;

NOW, THEREFORE, with the consent of the parties, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. Kandell agrees that this Court has subject matter jurisdiction over this action and consents to this Court's exercise of personal jurisdiction over her.

2. Kandell admits, acknowledges, and accepts responsibility for the following facts:

    a. During calendar years 2006 and 2007, Kandell was the beneficial owner of the Foreign Accounts, and

    b. Kandell did not file the required FBAR reports for calendar years 2006 and 2007.

3. Kandell agrees that she will become current with any U.S. tax filing obligation for tax years 2010 through 2016, and make any payment of any additional tax due, on or before

November 30, 2017. ~~October 15, 2017.~~ If Kandell asserts that her tax filing obligations ceased after tax year 2009 or at some other time due to a change in her status as a U.S. person, her counsel shall provide information verifying that assertion to counsel for the United States on or before ~~October 15, 2017~~ November 30, 2017. The United States reserves all rights and defenses with respect to tax years 2010-2016, and any liabilities for those tax years are not impacted by this Stipulation.

4. The consent judgment (the "Judgment") reflecting the FBAR Liabilities submitted concurrently with this Stipulation shall be entered against Kandell and in favor of the United States in the amount of $2,776,424.00, plus statutory interest and penalties as permitted by law after March 17, 2015.

5. Execution of the Judgment shall be stayed so long as Kandell abides by the terms, conditions, and provisions of this Stipulation, and subject to the provisions in paragraphs 9 to 11 of the Stipulation.

6. The United States agrees to accept a total amount of $1,850,000.00 (the "Settlement Amount") in full satisfaction of the aforementioned Judgment, as long as the Settlement Amount (1) is paid solely from the assets that Kandell holds at Banque Pictet & Cie SA in Zurich, Switzerland; and (2) has been paid in full and received by the United States on or before ~~October 15, 2017~~ November 30, 2017.

7. All payments shall be made by electronic fund transfer pursuant to instructions provided by the United States Attorney's Office for the Southern District of New York, or by cashier's check from a United States bank, payable to the United States Department of Justice and delivered to: United States Attorney's Office, Southern District of New York, 86 Chambers Street, 3rd Floor, New York, New York 10007, to the attention of Assistant United States Attorney Samuel Dolinger.

8. Should Kandell comply fully with paragraph 6 (that is, should Kandell pay the United States $1,850,000.00 in full from her assets held at Banque Pictet & Cie SA in Zurich, Switzerland, on or before ~~October 15, 2017~~ November 30, 2017), the Judgment will be deemed satisfied in full, and the United States shall file with the Clerk of the Court and deliver to Kandell's counsel a full satisfaction of judgment. Notwithstanding the terms of this paragraph and/or the satisfaction of the Judgment, Kandell remains obligated pursuant to paragraph 3 and this Court's order to become current with any U.S. tax filing obligations on or before ~~October 15, 2017~~ November 30, 2017.

9. Should Kandell fail to comply with the terms stipulated in paragraph 6, or should any check, wire, or draft presented by Kandell as payment in compliance with this judgment be returned or refused for insufficient funds, Kandell shall be in default, and the United States shall have the right, at its sole option and discretion, to declare the stay of execution of the Judgment no longer in effect. In that event, the full amount of the Judgment, $2,776,424.00 plus interest and penalties provided by law, less any amounts paid, shall be due and owing.

10. Before declaring Kandell in default pursuant to paragraph 9, and the stay of execution of this judgment no longer in effect, the United States shall first afford Kandell's counsel notice of such default in writing and shall afford her ten calendar days from the date of mailing to cure the default.

11. In the event of an uncured default pursuant to paragraphs 9 and 10, the United States shall be permitted to file the Judgment in any location and seek to enforce the Judgment, less any amounts paid, including but not limited to in any and all jurisdictions in which Kandell resides or owns any real or personal property, and such filing shall be a lien on such property.

12. Conditioned on Kandell's full payment of the Settlement Amount, or, in the event of an uncured default pursuant to paragraphs 9 and 10, full payment of the Judgment, the United

States releases Kandell from any civil or administrative claim that the United States has under 31 U.S.C. §§ 5314 and 5321 for the Covered Conduct.

13. Notwithstanding the release in paragraph 12 above, or any other term of this Stipulation, the following claims of the United States are specifically reserved and are not released by this Stipulation:

    a. any liability arising under the Internal Revenue Code, Title 26 of the United States Code;

    b. except as explicitly stated in this Stipulation, any civil or administrative liability;

    c. any criminal liability;

    d. any liability to the United States and its agencies for any conduct other than the Covered Conduct; and

    e. any liability based upon obligations created by this Stipulation.

14. Any failure by the United States to insist upon the full or material performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the United States, notwithstanding that failure, shall have the right thereafter to insist upon the full or material performance of any and all of the provisions of this Stipulation.

15. Kandell waives and shall not assert any defenses Kandell may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause of the Fifth Amendment of the Constitution, or under the Excessive Fines Clause of the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in a criminal prosecution or other administrative action. Nothing in this paragraph or any other provision of this Stipulation

constitutes an agreement by the United States concerning the characterization of the Judgment or the Settlement Amount for purposes of the Internal Revenue Code, Title 26 of the United States Code, or the Bankruptcy Code, Title 11 of the United States Code.

16. Kandell fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Kandell has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, or servants, related to the Covered Conduct and the United States' investigation, prosecution, and settlement of the Covered Conduct.

17. This Stipulation is intended to be for the benefit of the parties only. The parties do not release any claims against any other person or entity except as otherwise provided herein.

18. This Stipulation is binding on Kandell's successors, transferees, heirs, assigns, executors, administrators, and estates.

19. The undersigned counsel and any other signatories represent and warrant that they are fully authorized to execute this Stipulation on behalf of persons and the entities indicated below.

20. This Stipulation constitutes the complete agreement between the parties with respect to the subject matter hereof, and any statements, representations, promises, agreements, or negotiations, oral or otherwise, that are not included herein shall be of no force or effect. This Stipulation may not be amended except by written consent of the parties.

21. The terms of this Stipulation shall become effective upon entry of the Stipulation and the Judgment by the Court. If the Stipulation and the Judgment are not both approved and entered by the Court, this Stipulation shall be null and void, with no force or effect.

22. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation. Signatures in PDF form or facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

23. This Stipulation is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York. For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all parties to this Stipulation and shall not, therefore, be construed against any party in any subsequent dispute.

24. Upon the entry of the Judgment and this Stipulation, this action shall be considered resolved and the case shall be closed. Each party shall bear its own costs, expenses, and attorney's fees incurred in connection with this matter.

25. The Court shall retain jurisdiction over all matters concerning this Stipulation.

\* \* \*

Dated: October 31, 2017
New York, New York

JOON H. KIM
Acting United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

By: _____
SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
E-mail: samuel.dolinger@usdoj.gov

Dated: October 31, 2017
Mahwah, New Jersey

FAZZIO LAW OFFICES
*Attorney for Theresa G. Kandell*

By: _____
JOHN P. FAZZIO, III
164 Franklin Turnpike
Mahwah, New Jersey 07430
Tel.: (201) 529-8024
E-mail: jfazzio@fazziolaw.com

Dated: 25th october, 2017
Cannes, France

Dated: 25th october, 2017
Cannes, France

_____
THERESA G. KANDELL
T. Kandell.

_____
SOPHIE LUCAS
*Legal Guardian of Theresa G. Kandell*

Dated: 25th october, 2017
Aix-en-Provence, France

OLIVIER QUESNEAU
*Attorney for Sophie Lucas as Legal Guardian of Theresa G. Kandell*

SO ORDERED

_____
HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Dated: November 14, 2017

8